AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Tennessee

| Diamond Resorts U.S. Collection Development, etal, | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:20-CV-00251 |
| Wesley Financial Group, LLC, et al., | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: American Resort Development Association, Inc.
c/o Justin Vermuth, Registered Agent, 225 E. Robinson Street, Suite 545, Orlando, FL 32801

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See the areas of inquiry listed in the attached Exhibit A. Under Fed. R. Civ. P. 30(b)(6), the serving party and you have a duty to confer in good faith about the matters for examination.

| Place: Nardella & Nardella PLLC, 135 W. Central Blvd., Suite 300, Orlando, FL 32801, or a different, mutually agreed upon location (including in D.C., if preferable to ARDA) | Date and Time: 03/13/2024 9:00 am |
|---|---|

The deposition will be recorded by this method: Video and Stenographic

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/22/2024

*CLERK OF COURT*

_____     OR     _____
*Signature of Clerk or Deputy Clerk*               *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Wesley Financial Group, LLC, et al. , who issues or requests this subpoena, are:
James R. Stovall, Ritchie, Davies, Johnson & Stovall, 606 W. Main, Ste. 300, Knoxville, TN 37902; jstovall@rdjs.law

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT A**

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 3:20-CV-00251

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit A to 30(b)(6) Deposition Subpoena to:**

**American Resort Development Association, Inc.**
c/o Justin Vermuth, Registered Agent
225 E. Robinson Street, Ste. 545
201 East Pine Street, Suite 500
Orlando, FL 32801

## DEFINITIONS

"You" or "Your" shall refer to the named entity being served with this Subpoena, including the entity itself, its current and former directors, officers, partners, managers, members, principals, consultants, agents, representatives, and other individuals acting on Your behalf.

"Related entity" shall mean a parent company, owner company, subsidiary, and/or sister entity.

"Plaintiffs" shall refer collectively to Plaintiff Diamond Resorts U.S. Collection Development, LLC; Plaintiff Diamond Resorts Hawaii Collection Development, LLC; and Plaintiff Diamond Resorts Management, Inc., as well as any directors, officers, employees, agents, representatives or other persons acting, or purporting to act on behalf of the Plaintiffs.

The term "Diamond" shall include each of the Plaintiffs as well as Plaintiffs' parent and other related entities and agents, unless specifically noted otherwise.

## 30(b)(6) AREAS OF INQUIRY

1. When and how You first became aware of Wesley Financial Group, its business practices, or any advertisements by Wesley.

2. When and how You first became aware of any lawsuit against either Wesley Financial Group or Chuck McDowell.

3. Your communications with Diamond about Wesley Financial Group or Chuck McDowell, including when they started; their general subject matter; whether they included discussions about taking legal or other action against Wesley or McDowell; which of your officers, directors, or agents participated in those communications; with whom at Diamond they communicated; and where any records of those communications are maintained.

4. Your communications with Greenspoon Marder LLP about Wesley Financial Group or Chuck McDowell, including when they started; their general subject matter; whether they included discussions about taking legal or other action against Wesley or McDowell; which of your officers, directors, or agents participated in those communications; with whom at Greenspoon they communicated; and where any records of those communications are maintained.

1

5. Your communications with Greenspoon Marder LLP about any other timeshare exit company, including when they started; their general subject matter; whether they included discussions about taking legal or other action against Wesley or McDowell; which of your officers or agents participated in those communications; with whom at Greenspoon they communicated; and where any records of those communications are maintained.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DIAMOND RESORTS U.S. COLLECTION DEVELOPMENT, LLC, DIAMOND RESORTS HAWAII COLLECTION DEVELOPMENT, LLC, and DIAMOND RESORTS MANAGEMENT, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>WESLEY FINANCIAL GROUP, LLC, and CHARLES WILLIAM MCDOWELL, III,<br><br>Defendants. | No. 3:20-CV-00251<br>JUDGE CORKER<br>MAGISTRATE JUDGE POPLIN |

## NOTICE OF ARDA'S
## FED R. CIV. P. 30(b)(6) AUDIO AND VIDEO DEPOSITION

Notice is hereby given that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, counsel for Defendants will take the deposition of the American Resort Development Association, Inc., through its designated representative(s) or officer(s), on Wednesday, **March 13, 2024**, beginning at **9:00 a.m.**, at the offices of Nardella & Nardella PLLC, 135 W. Central Blvd., Suite 300, Orlando, FL 32801, or on and at another agreed upon date and location, including a location in Washington, D.C. The areas of inquiry are attached to the accompanying subpoena. The deposition shall continue from day to day until completed before a court reporter and videographer, and Defendants' counsel will arrange for these services.

This deposition shall be used for all purposes consistent with the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

Respectfully submitted this 22nd day of February, 2024.

| | |
|---|---|
| Patrick Bradford, Admitted Pro Hac Vice<br>**BRADFORD EDWARDS LLP**<br>12 East 49th Street, 11th Floor<br>New York, NY 10017<br>(917) 671-9406<br>(607) 930-3596 (facsimile)<br>pbradford@bradfordedwards.com<br>jcapehart@bradfordedwards.com | s/James R. Stovall<br>Wayne A. Ritchie II, BPR #013936<br>James R. Stovall, BPR #32512<br>Samantha I. Ellis, BPR #036709<br>**RITCHIE, DAVIES, JOHNSON & STOVALL, P.C.**<br>606 W. Main Street, Suite 300<br>Knoxville, TN 37902<br>(865) 637-0661<br>(865) 524-4623 (facsimile)<br>war@rdjs.law<br>jstovall@rdjs.law<br>sellis@rdjs.law |
| John Bennett, Jr., Admitted Pro Hac Vice<br>Paul Mascia, Admitted Pro Hac Vice<br>**NARDELLA & NARDELLA, PLLC**<br>135 W. Central Blvd., Suite 300<br>Orlando, FL 32801<br>(407) 966-2680<br>jbennett@nardellalaw.com<br>pmascia@nardellalaw.com | Aubrey B. Harwell, Jr., BPR #2559<br>John E. Quinn, BPR #12220<br>**NEAL & HARWELL, PLC**<br>1201 Demonbreun Street, Suite 1000<br>Nashville, TN 37203<br>(615) 244-1713<br>(615) 726-0573 (facsimile)<br>aharwell@nealharwell.com<br>jquinn@nealharwell.com |

*Attorneys for Wesley Financial Group, LLC and Charles William McDowell, III*

2

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing has been served on the following by email on this 22nd day of February, 2024:

Richard W. Epstein, Esq.
Jeffrey Backman, Esq.
B. Eliot New, Esq.
Greenspoon Marder LLP
200 E. Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301

Robert L. Vance, Esq.
Gregory C. Logue, Esq.
Woolf, McClane, Bright,
Allen & Carpenter, PLLC
P.O. Box 900
Knoxville, TN 37901

Phillip A. Silvestri, Esq.
Greenspoon Marder LLP
3993 Howard Hughes Pkwy., Ste. 400
Las Vegas, NV 89169

s/ James R. Stovall
James R. Stovall

3