UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DIAMOND RESORTS U.S. COLLECTION DEVELOPMENT, LLC, DIAMOND RESORTS HAWAII COLLECTION DEVELOPMENT, LLC, and DIAMOND RESORTS MANAGEMENT, INC.,**

      Plaintiffs,

v.        Case No: 6:24-mc-8-PGB-EJK

**WESLEY FINANCIAL GROUP, LLC and CHARLES WILLIAM MCDOWELL, III,**

      Defendants.

**ORDER**

This cause comes before the Court on Non-Party American Resort Development Association's Motion to Quash or for Protective Order or to Stay Subpoena for Corporate Representative Deposition (the "Motion"), filed March 11, 2024. (Doc. 1.) Therein, Non-Party American Resort Development Association ("ARDA"), pursuant to Rule 45(d), seeks to quash a subpoena sent from Defendants for a corporate representative deposition. (*Id*. at 1.) On March 25, 2024, Defendants filed a Response in opposition to the Motion. (Doc. 7.) On April 22, 2024, ARDA filed a Notice of Filing Order, which attached a decision from the United States District Court for the Eastern District of Tennessee, where the underlying litigation is

pending. (Doc. 12.) In light of that filing, the undersigned ordered the parties to file a "joint notice setting forth the remaining matters for this Court to resolve regarding the corporate representative deposition, and each party's positions as to each matter." (Doc. 13.) The parties filed their Notice on June 28, 2024, in which they state that they still disagree as to Topics 1, 2, 4, and 5. (Doc. 14.)

The underlying litigation concerning this matter is pending in the United States District Court for the Eastern District of Tennessee. *See Diamond Resorts U.S. Collection Development, LLC, v. Wesley Financial Group, LLC*, 3:20-cv-251 (E.D. Tenn. June 8, 2020). On April 16, 2024, U.S. Magistrate Judge Debra C. Poplin entered an order regarding several discovery disputes. (Doc. 12-1.) As relevant to the matter before the Court, Judge Poplin stated:

> By way of illustration only, the fact that . . . a subpoenaed entity[] communicated with ARDA about Defendants does not make it more or less likely that Plaintiffs knew or should have known of Defendant Wesley's alleged conduct. And this is especially true here because Defendants have Plaintiffs' communications with ARDA about Defendants.

(*Id.* at 19.) Given Judge Poplin's familiarity with the facts and issues in the underlying litigation, the undersigned sees no reason to depart from Judge Poplin's ruling. Accordingly, the undersigned agrees with ARDA that Topics 4 and 5—concerning Greenspoon Marder LLP, one of the subpoenaed entities specifically addressed by Judge Poplin—should be quashed pursuant to Rule 45.

Topics 1 and 2 concern named Defendants and are therefore distinguishable from Topics 4 and 5. It appears that Judge Poplin has allowed discovery into ARDA's

communications with Defendants. (*See* Docs. 12-1 at 19; Doc. 14 at 11.) Topics 1 and 2 appear to be logically connected to the discovery that Judge Poplin has already allowed, and thus relevant. Therefore, the Court will deny the Motion as to Topics 1 and 2, except that the period of inquiry at the deposition shall be limited to June 8, 2015, through the date of the filing of the complaint in the underlying action.[1]

Accordingly, the Motion to Quash or for Protective Order or to Stay Subpoena for Corporate Representative Deposition is **GRANTED IN PART and DENIED IN PART**, as set forth herein.

**DONE** and **ORDERED** in Orlando, Florida on July 1, 2024.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

---

[1] This is the temporal limitation suggested by Defendants. (Doc. 14 at 9.) The limitation suggested by ARDA—through June 8, 2021—would extend the temporal scope until "one year after the commencement of the underlying case," (*id.* at 8), and the undersigned does not find that date to be supported by the briefing.